IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 13 |
| WILLIAM F. FONTAINE and | * | |
| EDWINA K. FONTAINE, | * | |
|     Debtors | * | Case No. 1:11-bk-08109-MDF |
| | * | |

**OPINION**

This matter is before the Court on its own motion to review the Amended Fifth[1] Fee Application filed by Debtors' counsel in the above-captioned case.[2] For the reasons set forth below, this application will be denied.[3]

**I. Factual and Procedural Background**

On December 5, 2011, Julie Dorsett, Esquire ("Dorsett") filed a Chapter 13 petition on behalf of the above-captioned Debtors (the "Fontaines"). The Disclosure of Compensation of Attorney for Debtor ("2016(b) Statement") filed within the petition stated that Dorsett had agreed to accept $3500 to render certain legal services in the case, of which Dorsett received $2000 prior to the date the petition was filed. In her 2016(b) Statement, Dorsett stated that in exchange for the flat fee, she agreed to: 1) analyze the Fontaines' financial situation and advise

---

[1]The "Amended Fifth Fee Application" should have been styled as the "Amended Fourth Fee Application." Dorsett filed three applications prior to the original "Fifth Fee Application," but she styled her second fee request as the "Third Fee Application." To avoid confusion, this Opinion will refer to the applications as if each had been properly numbered.

[2]Sections 330(a) and 105(a) of the Bankruptcy Code provide "clear and compelling authority for the bankruptcy court's sua sponte review of fee or expense applications." *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 881 n.7 (3d Cir. 1997) (citations omitted).

[3]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052 which applies to contested matters through Fed. R. Bankr. P. 9014.

them as to whether or not to file a bankruptcy case; 2) prepare and file the petition, including all schedules and statements, and a Chapter 13 plan; and 3) represent the Fontaines at the meeting of creditors, the confirmation hearing and any adjourned hearings. In the 2016(b) Statement, Dorsett excluded from the services provided for the fee of $3500, "[o]ther services required for the necessary administration of the debtors' estate in addition to those mentioned above." Dorsett explained that services not covered by the flat fee would be rendered based upon time expended at the rate of $200 per hour for "out-of-court services," $225 per hour for "in-court services," and $95 per hour for paralegal services.[4] Specifically excluded from the flat fee were: (1) amendments to schedules or to the plan; (2) motions for relief from stay; (3) motions to avoid liens; (4) motions related to the liquidation of property; (5) adversary proceedings; (6) motions to convert the case to another chapter; (7) trustee avoidance actions; and (8) "litigation of any issues." The flat fee excluded representation in "any matter requiring attorney's [sic] presence at the U.S. Bankruptcy Court in Harrisburg in person or via telephone other than the Meeting of Creditors" notwithstanding the earlier representation in the same document that attendance at the confirmation hearing and any adjourned hearings would be included in the flat fee.

On June 29, 2012, Dorsett filed her first fee application in this case, seeking an additional $663 in compensation for the period October 12, 2011 through February 29, 2012. This application was approved on July 17, 2012. Dorsett spent 1.2 hours preparing the first fee application and requested $240 for its preparation.

Dorsett's second fee request was filed on August 31, 2012 and approved on September

---

[4] In some applications, Dorsett billed her time at the paralegal rate of $95 per hour if the work she performed was administrative in nature.

2

26, 2012 in the amount of $734.50. Dorsett spent .8 hours preparing the second fee application. and requested $160 for its preparation.

Dorsett's third fee application, seeking $1126.50, was filed on February 21, 2014. In the application, she requested compensation of $359.50 for three hours spent preparing and serving the fee application.[5] Of the time billed, .8 hours was billed at her professional hourly rate while the remainder was billed at the paralegal rate. Therefore, in her third fee application, Dorsett applied for compensation of $560.00 for preparing her first, second, and third fee applications requesting $2524 in fees for services rendered. These fees were allowed by Order dated March 19, 2014.

On June 23, 2015, Dorsett filed her fourth fee application, requesting $919.50 for fees and $20.27 for expenses. The fourth application was denied on July 15, 2015 because Dorsett failed to attach copies of her time records. On July 15, 2015, she filed the Amended Fifth Fee Application requesting the Court to approve fees of $939.77, including $180 for .8 hours work preparing the application.

Dorsett received $2000 from her clients prior to filing their bankruptcy petition and was paid $1500 through the Chapter 13 plan. To date, Dorsett has been paid an additional $2503 for services in this case. Of that amount, $759.50 (30.3%) is attributable to the preparation of fee applications. When the Amended Fifth Fee Application is added to prior approved fees, Dorsett is now seeking compensation of $939.50 for the preparation of fee applications for services valued at $3442.77.

---

[5]Preparation of the third application was invoiced in both the third and fourth applications.

3

On March 3, 2013, Dorsett filed an adversary complaint on the Fontaines' behalf against a secured creditor for violation of the automatic stay. The complaint requested an award of damages of a minimum of $2500 for attorney's fees and costs. On May 10, 2013, she filed a motion withdrawing the complaint in which she indicated that Debtors' "costs in the action" were paid by the adversary defendants as part of a settlement agreement, but the whether these costs included attorney's fees was not disclosed.

## II. Discussion

A bankruptcy court reviews the fee applications of Chapter 13 debtors' counsel according to the following statutory standards:

> [i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on the consideration of the benefit and necessity of such services to the debtor and other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

An attorney representing a debtor is entitled to reasonable compensation under 11 U.S.C. § 330. A bankruptcy court should consider: (1) the time spent; (2) the rate charged; (3) "whether the services were necessary to the administration of [the bankruptcy case], or beneficial at the time at which the service was rendered;" (4) "whether the services were performed within a reasonable amount of time;" (5) whether the attorney "is board certified or otherwise has demonstrated skill and experience in the bankruptcy field;" and (6) whether the compensation is reasonable when compared to "comparably skilled practitioners" in non-bankruptcy cases. 11 U.S.C. § 330(a)(3)(A)-(F) (2005). Further, in a Chapter 13 case, reasonable compensation may be allowed for representing the interests of the debtor in connection with the case. 11 U.S.C. § 330(a)(4)(B). Otherwise, a court may not allow compensation for "unnecessary duplication of

4

Case 1:11-bk-08109-MDF   Doc 71   Filed 09/01/15   Entered 09/01/15 14:15:38   Desc
Main Document      Page 4 of 7

services" or for services not "reasonably likely to benefit the debtor's estate" or necessary to administration of the case. 11 U.S.C. § 330(a)(4)(A).

A bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised "reasonable billing judgment." *In re Grosswiler Dairy, Inc.*, 257 B.R. 523, 528 (Bankr. D. Mont. 2000) *quoted in Messner v. Commerce Bank/Harrisburg, N.A. (In re Smith),* 331 B.R. 622, 628 (Bankr. M.D. Pa. 2005). "The court's responsibility to protect the estate is especially important in chapter 13 cases where there is little motivation for a debtor, or creditors, to object to a particular fee allowance." *In re Szymczak,* 246 B.R. 774, 778 (Bankr. D. N.J. 2000). In the case before me, Dorsett did not exercise reasonable billing judgment. Moreover, she has already received adequate compensation for her work in this case up to and including the period covered by the instant fee application.

It has been Dorsett's regular practice to bill less than $1000 in a single fee application so as to avoid the noticing requirements of Fed. R. Bankr. P. 2002(a)(6), which requires notice to all creditors of any application for fees over $1000. She ostensibly employs this approach to avoid incurring the cost of mailing notices to all creditors. In this case, however, her fees have significantly exceeded any savings obtained by avoiding noticing. The Fontaines list only eleven creditors in their schedules. The cost to notice these eleven creditors would have been significantly less than the $759.50 Dorsett previously received for fee application preparation. For Dorsett to now seek even further compensation is unmerited and unreasonable. *See In re*

5

*Pelayo*, No. 07-14113-A-7, DC No. KDG-7, 2009 WL9084776, *3 (Bankr. E.D. Cal. 2009) ($1150 for preparing fee application represented over 20% of initial "no-look" fee and was therefore excessive).

The instant application also is objectionable because it is inconsistent with the services reported in prior fee applications. For example, Dorsett's third fee application is broken down by tasks which are billed at different rates – $200 for legal work and $95 for administrative tasks (e.g. preparing the mailing matrix). Inexplicably, the Amended Fifth Fee Application does not break down these services, but uses a lump sum ($180) for application preparation, billed at Dorsett's professional rate. It is clearly inappropriate for a bankruptcy attorney to bill her clients at her professional rate for non-legal services. *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 855 (3d Cir. 1994).

Out of the $939.77 requested in the instant application, only $350 is for services other than fee application preparation and costs. None of those services involved filing pleadings or other documents on the bankruptcy docket. The time entries underlying the $350 showed the following services: reading and replying to emails from the Fontaines regarding the plan duration and balance (18 minutes/$60.00 billed); reading and replying to an email from other attorneys regarding the Fontaines' pending divorce (30 minutes/$100.00); drafting a letter to the Fontaines regarding the effect of the divorce on the bankruptcy case (30 minutes/$100); searching "suits at prothonotary" (6 minutes/$20); and reading and replying to an email from "client" (12 minutes/$40). The Court is at a loss to discern how these services provided a benefit to the Fontaines deserving of additional compensation beyond the $6023 that Dorsett already has received.

### III. Conclusion

Without considering fees she may have received in the settlement of the adversary case, Dorsett has been awarded fees of $6023 in this very typical case. She has failed to justify an award of fees in addition to what she previously was awarded. Therefore, the Amended Fifth Fee Application will be denied. Pursuant to Fed. R. Bankr. P. 2017, Dorsett may request a hearing on this matter by filing an appropriate motion within 14 days of the date of the Order that accompanies this Opinion.

By the Court,

Date: September 1, 2015

*Mary D. France*
Chief Bankruptcy Judge
(JK)